IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

HAROLD L. MCCRAY, ID # 1247199,  )
          Petitioner,  )
vs.  )         No. 3:05-CV-1160-D
  )
DOUGLAS DRETKE, Director,  )
Texas Department of Criminal  )
Justice, Correctional Institutions Division,  )
         Respondent.  )

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

## I. BACKGROUND

### A. Nature of the Case

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed the instant petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 to challenge his aggravated assault conviction in Cause No. F03-50641. Respondent is Douglas Dretke, Director of TDCJ-CID.

### B. State Procedural History

On June 29, 2004, a jury convicted petitioner of aggravated assault with a deadly weapon in Cause No. F03-50641. *See McCray v. State*, No. 05-04-0967-CR, http://www.courtstuff.com/FILES/05/04/05040967.HTM (docket sheet information generated Nov. 9, 2005, hereinafter referred to as State Docket sheet) (Official internet site of the Court of Appeals for the Fifth District of Texas at Dallas). On August 18, 2005, the Court of Appeals for the Fifth District of Texas at Dallas

affirmed his conviction. *McCray v. State*, No. 05-04-00967-CR, 2005 WL 1983586. at *1 (Tex. App. – Dallas Aug. 18, 2005, no pet.)  He filed no petition for discretionary review.  *See* State Docket sheet.  The court of appeals entered its mandate on November 7, 2005.  *Id.*

On January 12, 2005, the Texas Court of Criminal Appeals dismissed petitioner's first state writ related to this conviction because his direct appeal was still pending.  *See* Texas Judiciary Online, http://www.cca.courts.state.tx.us/opinions/EventInfo.asp?EventID=2183558 (accessed May 2, 2006).  On April 18, 2006, the Court of Criminal Appeals received a second state writ related to this conviction, and such writ remains pending before the court.  *See* Texas Judiciary Online, http://www. cca.courts.state.tx.us/opinions/Case.asp?FilingID=242476 (accessed May 2, 2006).

C. Federal Procedural History

On June 6, 2005, the Court received an unsigned, incomplete petition for writ of habeas corpus from petitioner.  On June 21, 2005, the Court issued a Notice of Deficiency and Order wherein it notified petitioner that he had not signed or fully completed his petition or submitted a request to proceed *in forma pauperis*.  It granted him twenty days to cure the deficiencies and warned him that the failure to do so would result in a recommendation that his action be dismissed for failure to prosecute.  On June 30, 2005, the Court received an application to proceed *in forma pauperis*, but petitioner did not provide the required inmate account certificate necessary for resolution of that application.

After waiting a period of time for a completed and signed petition, the Court issued a Second Notice of Deficiency on December 15, 2005, wherein it notified petitioner that he had yet to submit a completed and signed petition and had failed to provide the requisite certificate of inmate trust account.  The Court granted him another twenty days to cure the deficiencies and warned him that

the failure to do so would result in a recommendation that his action be dismissed for failure to prosecute or failure to follow an order of the Court.  On February 10, 2006, the Court received an application to proceed *in forma pauperis* and the requisite certificate of inmate trust account, but no petition.  On February 25, 2006, the undersigned Magistrate Judge recommended that this action be dismissed pursuant to Fed. R. Civ. P. 41(b) for petitioner's failure to comply with a court order.  On March 10, 2006, the Court received a response to that recommendation, and on March 20, 2006, the Court received a signed, complete amended petition.

Because petitioner has now corrected the deficiencies noted by the Court, it has granted petitioner permission to proceed *in forma pauperis* in a contemporaneous order, and now vacates its previous findings and recommendation that this action be dismissed for failure to follow a court order.  The Court thus proceeds to address the issue of exhaustion of state remedies.

## II.  EXHAUSTION

A petitioner must fully exhaust state remedies before seeking federal habeas relief.  28 U.S.C. § 2254(b).  To exhaust in accordance with § 2254, a petitioner must fairly present the factual and legal basis of any claim to the highest available state court for review prior to raising it in federal court.  *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982).  In Texas, a prisoner must present his claim to the Texas Court of Criminal Appeals in a petition for discretionary review or an application for writ of habeas corpus.  *See Bautista v. McCotter*, 793 F.2d 109, 110 (5th Cir. 1986); *Richardson*, 762 F.2d at 432.  To exhaust in accordance with § 2254, a petitioner must fairly present all claims to the state courts prior to raising them in federal court.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993).

In this case, petitioner has not fairly presented his claims to the Texas Court of Criminal Appeals. He has a state writ pending in state court. The Texas Court of Criminal Appeals has thus not yet considered it. Furthermore, it dismissed petitioner's prior state writ without consideration. In addition, petitioner has filed no petition for discretionary review, so the Texas Court of Criminal Appeals has also had no opportunity to consider the claims raised on direct appeal. The Texas Court of Criminal Appeals has simply had no opportunity to review the claims raised in the instant federal petition.

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard v. Connor*, 404 U.S. 270, 275 (1971).

Because petitioner has not fairly presented any claim to the Texas Court of Criminal Appeals, that court has had no opportunity to review the claims raised in the instant federal petition. A ruling from the federal court at this juncture would preempt the state court from performing its proper function. *See Rose*, 455 U.S. at 518 (the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent the disruption of state judicial proceedings"). Petitioner is, therefore, not entitled to habeas corpus relief for failure to exhaust his state remedies. Until the Texas Court of Criminal Appeals rules on his pending state writ, he has not exhausted his state remedies.

4

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant habeas corpus petition be **DISMISSED** without prejudice for failure to exhaust state court remedies.

**SIGNED this 5th day of May, 2006.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them.  Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections.  Failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE